**ORIGINAL**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

JACFRAN CORP.,

                Plaintiffs,

- against -

INTERNATIONAL LUXURY PRODUCTS GROUP, INC. and ELLIOTT SHELBY, d/b/a LUXURY U and JOHN DOES 1-10,

                Defendants.

Civ. No. () 2709

**COMPLAINT**

ROSS, J.

LEVY, M.J

---

    Plaintiff JACFRAN Corporation ("JACFRAN" or "Plaintiff"), by its attorneys, hereby demands a jury trial and alleges upon knowledge as to its own acts and upon information and belief as to all other matters, as follows:

### NATURE OF THE ACTION

    1.    This is an action for, *inter alia*, false advertising and unfair competition in violation of the Trademark Act of 1946 ("Lanham Act", 15 U.S.C. § 1051 *et. seq.*), for damages against International Luxury Products Group, Inc. ("ILPG") and Elliott Shelby ("Shelby"), d/b/a LUXURY U, and John Does 1-10 (collectively, "the Defendants") as well as for injunctive relief; and for related claims of tortious interference with contractual relations, injury to business reputation and dilution and misappropriation under state, statutory and common law.

### JURISDICTION AND VENUE

    2.    This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1051 *et. seq.* and 28 U.S.C. §§ 1331 and 1138, as it arises under the Lanham Act, as amended.

3. This Court also has jurisdiction pursuant to 28 U.S.C. §1332 because there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars ($75,000.00).

4. This Court has jurisdiction over the related state claims for tortious interference with contract and other state and common law claims, pursuant to the doctrine of supplemental jurisdiction, as codified in 28 U.S.C. §1367.

5. This Court has personal jurisdiction over the Defendants in that they either (a) are/were responsible for and/or participated in the illegal activity described in this Complaint, (b) caused injury to Plaintiffs in this judicial district, (c) purposely targeted their activities at parties within this judicial district (d) derived substantial revenues from interstate commerce and/or (e) regularly conduct business in the State of New York

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c) because the subject matter in this action has sufficient contacts with this forum.

## THE PARTIES

7. JACFRAN is a corporation organized and existing under the laws of the State of Delaware with a principal place of business located at 4 West Red Oak Lane, Suite 104, White Plains, New York 10604.

8. Defendant ILPG is, upon information and belief, a corporation organized and existing under the laws of the State of New York with a principal place of business located at 424 Madison Avenue, 7th Floor, New York, New York 10017.

9. Shelby, d/b/a LUXURY U is, upon information and belief, an individual with a residence located at 1766 East 8th Street, Brooklyn, New York 11223.

NewYork 5001714.1

10. Defendants John Does 1-10, whose identities and addresses are presently unknown to Plaintiffs, are individuals and/or corporate entities that, upon information and belief, have sold to the defendants or assisted them in reselling, the items complained of herein in violation of their agreement with Plaintiff. The Complaint herein will be amended, if appropriate, to include the name or names of these entities and individuals when such information becomes available.

## FACTUAL BACKGROUND

### I. The History and Development of JACADI Brand for Children's Wear

11. ID Group is a French holding company that holds the intellectual property assets of four major brands for children's clothing and accessories: OKAIDI, OBAIBI, JACADI and VERONIQUE DELACHAUX. This lawsuit concerns the JACADI brand.

12. Originally launched as a brand of children's clothing in France in 1976 by a company by the name of Jacadi, S.A., the JACADI brand is known for its authentic and timeless children's fashion soaked in French tradition. When spoken, the word "jacadi" is the French phonetic equivalent to "Jack has said." The JACADI brand is associated with prestige and elegance and reflects the company's commitment to family values and its corporate goal of capturing the sweet and refreshing moments of childhood.

13. JACADI is currently registered with the United States Patent and Trademark Office for, *inter alia*, children's clothing, shoes, furniture, toys, bedding, jewelry, perfumes, soaps and retail services (U.S. Reg. Nos. 1,349,513 and 1,349,513). The stylized script of the trademark is set forth below:



NewYork 5001714.1

14. In 1983, Jacadi S.A. began to internationalize the JACADI brand by opening up a boutique in Lausanne, Switzerland. In 1985, the company launched its first shoe line as well as the first JACADI boutique in Los Angeles, California. The company expanded its products to include nursery ranges in 1987 and, in 1993, the JACADI brand was introduced in Asia.

15. Today there are over 285 JACADI boutiques world wide in over 30 countries, including 6 stores in the New York metropolitan area: 3 in Manhattan, 1 in Brooklyn, 1 in Cedarhurst and 1 in Woodbury.

16. JACADI merchandise is only sold through JACADI boutiques owned by the company or its franchisees. JACADI merchandise is also available on line through two JACADI-only websites.

17. JACADI boutiques are unique. The JACADI store concept emphasizes the elegant and upscale quality of all JACADI merchandise by displaying the JACADI collections in a distinctive atmosphere. All boutiques are designed by a company architect and are decorated with high quality materials such as lime washed wood, parquet floors and JACADI's well-known blue and pearl grey colors. The wardrobes in each boutique are decorated with moldings and all drawer chests have old-fashioned handles specifically designed to recreate the atmosphere of a family home.

18. JACADI websites are likewise designed to reflect the elegance and sophistication of the boutiques and the JACADI packaging acts as an ambassador to the brand's visual identity providing both status and pride to it customers.

19. All JACADI boutiques are owned and operated by either the company or licensed franchisees. These franchisees operate under strictly enforced contracts specifically

drafted to maintain the brand's exclusive image. All JACADI merchandise is imported from company-approved sources and JACADI salespeople are required to undergo training to ensure that the level of service in the boutiques is commensurate with the brand's reputation as well as the level of service JACADI customers have come to expect.

20. JACFRAN is the franchisor of the JACADI brand in the United States. Since August 1992, JACFRAN has entered into over eight franchise agreements for JACADI boutiques. JACFRAN currently manages 13 company-owned JACADI boutiques in the Untied States and has licenses with 8 franchisees.

21. All JACADI in-store and local advertising is governed by the company operations manual and controlled by JACFRAN. All franchisees of the JACADI brand in the United States are required to comply with the advertising practices set forth in the brand's operations manual and are explicitly prohibited from developing, creating or using any advertising materials unless prior written approval is obtained from JACFRAN. JACFRAN is responsible for all promotional campaigns under the franchise agreements.

22. Franchisees are prohibited from using or displaying any other trademark other that the JACADI mark in connection with the operation of their boutiques. Franchisees may not use the JACADI trademark as part of any corporate or business name and may not use the mark in connection with the performance or sale of any unauthorized services or products or in any other manner which JACFRAN has not expressly authorized in writing.

23. JACFRAN is also responsible for a discount program, pursuant to which customers are issued cards ("Discount Cards") providing discounts to authorized JACADI products based on the volume and or frequency of the customer's purchases. In exchange for the Discount Cards, customers supply their personal information to the franchisee, who then

NewYork 5001714.1

transmits the information to JACFRAN for use in connection with future promotions. All franchisees are required to honor the terms of the Discount Cards.

### III. Defendants' Wrongful Acts

24. On or about March 2, 2010, Plaintiff discovered that Shelby had placed an advertisement in *The Lakewood Weekly*, a weekly publication distributed to New Jersey residents that contains listing of local events and commercial activities.

25. The full-page advertisement announced that a company by the name of LUXURY U would be offering JACADI children's clothing for sale at prices 50%-70% below retail at two different locations: one in Lakewood New Jersey and the second in Borough Park, New York. Neither location is an authorized JACADI boutique.

26. Upon information and belief, these sales were conducted over 17 days in March.

27. On March 17, 2010, a cease and desist letter was sent to Shelby and ILPG on behalf of ID Group, as the registrant of the JACADI trademarks, demanding that they stop holding themselves out as a dealer of JACADI products. The letter also informed them that their purchase of JACADI merchandise for resale was a breach of Plaintiff's franchise agreements with its franchisees and demanded that Defendants disclose the source of their JACADI products.

28. Although Plaintiff's counsel was contacted by the law firm of Oved & Oved, LLP, who claimed at the time to represent Shelby, and who indicated that Shelby wished to resolve the dispute amicably, no response to the cease and desist letter was ever received.

29. Thereafter, on or about April 7, 2010, Plaintiff discovered a second advertisement placed, upon information and belief, by Shelby on behalf of LUXURY U,

advertising a second sale of JACADI merchandise at the same discounts in Boro Park. This sale, according to the advertisement, took place from April 7-13, 2010. The ad prominently displayed the JACADI trademark without JACFRAN's authorization. As with the prior sale, the storefront was not a licensed JACADI boutique.

30. Most recently, upon information and belief, Shelby placed a third advertisement in an advertising magazine in Williamsburg, Brooklyn NY on behalf of LUXURY U, adverting sales of JACADI merchandise at steeply discounted prices at a store located at 51 Lee Avenue. Again, this storefront is not a licensed JACADI boutique. Upon further information and belief, that sale took place over seven days from April 21 through April 27, 2010.

31. Shelby and ILPG, upon information and belief, have without JACFRAN's authorization, advertised children's clothing under the JACADI trademark to consumers. On further information and belief, such clothing is legitimate JACADI merchandise.

32. Upon information and belief, Defendants John Does 1-10 and ABC Corporations 1-10 supply Shelby and with JACADI merchandise.

33. Neither Shelby nor ILPG are authorized dealers of JACADI merchandise.

34. Upon information and belief, Shelby and ILPG have obtained JACADI merchandise by inducing and/or subverting one or more authorized JACADI dealers, by improper means, to transship the merchandise, in breach of their franchise agreements with JACFRAN.

35. Upon information and belief, Defendants' aforementioned acts are being done willfully and maliciously and with knowledge of JACFRAN's franchise agreements. Defendants' acts are being done for the further purpose of "free riding" on the substantial

investment and efforts by the company to build consumer goodwill and demand for JACADI products.

## COUNT ONE
### (FALSE ADVERTISING)

36. JACFRAN repeats and re-alleges each and every allegation contained in paragraphs 1 – 35 of this Complaint with the same force and effect as if fully set forth herein.

37. Shelby and ILPG have made false and/or misleading statements of fact about the merchandise they advertise and sells on eBay.

38. Shelby and ILPG's false and/or misleading statements have actually or have the tendency to mislead consumers.

39. Shelby and ILPG's false and/or misleading statements are material to consumers and are likely to influence their decision to purchase JACADI products.

40. Shelby and ILPG caused these false and/or misleading statements to enter into interstate commerce.

41. As a direct and proximate result of Shelby and ILPG's willful and unlawful acts of false advertising, JACFRAN has suffered damages.

42. Unless Shelby and ILPG are enjoined from continuing the aforementioned illegal acts, JACFRAN will continue to suffer irreparable harm.

## COUNT TWO
### (UNFAIR COMPETITION)

43. JACFRAN repeats and re-alleges each and every allegation contained in paragraphs 1 - 42 of this Complaint with the same force and effect as if fully set forth herein.

NewYork 5001714.1

44. Through their aforementioned acts, Defendants have competed unfairly with JACFRAN and have, either directly or indirectly, traded unfairly upon the goodwill and reputation of the JACADI trademark and continue to do so.

45. As a direct and proximate result of Defendants' willful and unlawful acts of unfair competition, JACFRAN has suffered damages.

46. Unless Defendants are enjoined from continuing the aforementioned illegal acts, JACFRAN will continue to suffer irreparable harm.

## COUNT THREE
## (TORTIOUS INTERFERENCE WITH CONTRACT)

47. JACFRAN repeats and re-alleges each and every allegation contained in paragraphs 1 - 46 of this Complaint with the same force and effect as if fully set forth herein.

48. Through the aforementioned acts, Shelby and ILPG have knowingly and tortiously interfered with the valid contractual relationships existing between JACFRAN and its authorized dealers and has caused them to breach their agreements with JACFRAN.

49. Shelby and ILPG's aforementioned acts have damaged JACFRAN irreparably, causing harm to the integrity of the JACADI authorized dealer network, as well as to the JACADI trademark's image, reputation, and competitive position in the children's wear.

50. Shelby and ILPG's aforementioned acts have also undermined JACFRAN's control over the marketing and sale of JACADI products and have injured the mark's goodwill with consumers.

51. As a direct and proximate result of Shelby and ILPG's willful and unlawful acts of tortious interference with contract, JACFRAN has suffered damages.

52. Unless Shelby and ILPG are enjoined from continuing the aforementioned illegal acts, JACFRAN will continue to suffer irreparable harm.

## COUNT FOUR
### (VIOLATION OF NEW YORK'S DILUTION LAW)

53. JACFRAN repeats and re-alleges each and every allegation contained in paragraphs 1 - 52 of this Complaint with the same force and effect as if fully set forth herein.

54. Defendants' distribution, advertising and/or sale of unauthorized JACADI product has caused and continues to cause injury to JACFRAN's business reputation and constitutes dilution in violation of the New York General Business Law § 368(d).

55. As a direct and proximate result of Defendants' willful and unlawful acts, JACFRAN has suffered damages.

56. Unless Defendants are enjoined from continuing the aforementioned illegal acts, JACFRAN will suffer irreparable harm.

## COUNT FIVE
### (MISAPPROPRIATION)

57. JACFRAN repeats and re-alleges each and every allegation contained in paragraphs 1 - 56 of this Complaint with the same force and effect as if fully set forth herein.

58. Defendants' distribution, advertising and/or sale of unauthorized JACADI merchandise constitutes a misappropriation of Plaintiff's proprietary interest in the JACADI brand name and business and was done in bad faith in violation of New York common law.

59. As a direct and proximate result of Defendants' willful and unlawful acts, JACFRAN has suffered damages.

60. Unless Defendants are enjoined from continuing the aforesaid illegal acts, JACFRAN will continue to suffer irreparable harm.

## **PRAYER FOR RELIEF**

WHEREFORE, JACFRAN prays for relief as follows:

(a) permanently enjoining Defendants from the unauthorized sale of JACADI merchandise;

(b) permanently enjoining Shelby and ILPG from the unauthorized use of the JACADI trademark and for making false statements about the merchandise sold in its various unauthorized storefronts;

(c) awarding JACFRAN actual damages arising out of Defendants' aforesaid acts and their profits, together with such sum as the Court shall find to be just, in an amount to be determined at trial, together with an amount which is three times the amount found as actual damages

(d) awarding JACFRAN its reasonable attorneys' fees;

(e) awarding JACFRAN, on account off the willful and wanton nature of the acts complained of herein, punitive damages;

(f) awarding JACFRAN its reasonable its costs and disbursements herein; and

61. providing such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff JACFRAN Corporation hereby demands a trial by jury on all issues so triable.

Dated: New York, New York
June 10, 2010

                          SALANS LLP

                          By: _____
                          Lora A. Moffatt
                          Alison G. Carlson
                          620 Fifth Avenue
                          New York, New York 10020-2457
                          Tel.: (212) 632-5500
                          Fax: (212) 632-5555

                          Attorneys for Plaintiff
                          JACFRAN CORP.